Judge Mills
delivered the Opinion of the Court.
The appellees, Elijah Mastín and William Ambrose, entered into an article of agreement with Morford, the appellant, in which they stipulated “to build for said Morford, on his premises, one frame house of the following order and dimensions, to-wit; thirty-eight feet in length by twenty in width, one story twelve feet high, a piazza ten feet wide the full length of the building, four windows and three doors, two of which to contain six pannels each, one flight of stairs, one partition studed, and two fire mantles, floors tongued and groved, piazza to be banistered and cieled over head, a four light window in each gable end, also, each room to be based and surbased, the said employer, Morford, to furnish all the shingles, plank, joists, nails, hinges, screws, &c. the said undertakers to find all the balance of the materials, and to do the whole in a plain though workman like manner, for the sum of one hundred dollars in specie and fifty dollars in goods, to be paid out of J. W. Morford’s Store. The above mentioned four windows to contain twenty-four lights each.”
Peolaration.
Plea by defendant, denying the performance of the work according to the covenant.
Evidence conducing to prove the work was not well done according to the agreement.
Instruction of the circuit court.
On this agreement Mastín and Anbrose brought their action of covenant, and averred in their declaration that they built the house as stipulated, reciting in the averment, the detaiis of their undertaking as before set forth, and alleging that although they had done all that was incumbent on them to do, and that the defendant accepted and received the said building, as thus erected, and was in the enjoyment thereof, “yet the said defendant did not pay unto the said plaintiffs the said one hundred dollars in specie and fifty dollars in goods, paid out of J. W. Morford’s Store, which he ought to have paid.”
The defendant below pleaded: first, simply traversing the performance of the precedent condition on part of the plaintiff, pursuing the terms of the covenant in detail; secondly, “that the plaintiffs did not furnish all the materials and do all the work in a plain workman like manner, which they, the said plaintiffs were, by the covenant to furnish and do in and about said house, and that he, the said defendant, did not receive the building in discharge of the covenant.”
On these pleas issues were joined to the country; on the trial, the plaintiffs proved that they had built and finished the house as discribed in the covenant, and that the son of the defendant resided therein. But the plaintiff’s own evidence shewed that the rails of the banisters seemed loose and defective, and that the base and surbase were not so broad as they ought to be.
The defendant introduced no evidence conducing to show that the work was not clone, but that some parts of the work were not well done; that although parts of it were strong and plain, yet there were not a complete ranging of the banisters of the porch, and the floor descended towards the house, instead of an opposite direction, so as to lead the water rather to, than from the house. To rebut this evidence, some testimony was introduced by the plaintiffs.
On this evidence the counsel for the defendant below, moved the court to instruct the jury, that if they believed the work was not done by the plain *611 tiffs in a worhncm-like manner, or in the manner specified in the covenant, then the plaintiffs could not recover in this action. The court overruled this application. The defendant then asked the court to instruct the jury, that unless they believed, from the evidence, that the defendant accepted the build-* ing in discharge of the contract declared on, the plaintiffs in this action, under the issues, were not entitled to recover. But the court overruled this motion and instructed the jury, that if the defendant had received the work at all, the plaintiffs had a right to recover, subject to a deduction for a defect in the workmanship, if the defendant required it; if not, the defendant would have a right to his action for damages for such defects.
Verdict and judgment for plaintiff, and appeal.
Conditions-precedent and concurrent and dependent covenants.
The defendant then moved the court to instruct the jury, that unless they believed from the evidence, that the plaintiffs had demanded of the defendant the fifty dollars in goods, in the covenant mentioned, they ought not to find damages for the non-payment of said fifty dollars.
This motion was also overruled, and the jury having found for the plaintiffs below, the defendant has appealed from the judgment rendered on the verdict, and the questions now presented for our consideration are those made in the instructions refused and given.
It will easily he perceived by this statement of the case, that the doctrines which govern precedent conditions in covenants, is nicely involved. For that the performance pf the labor and erecting the building provided for in the covenant, was a precedent condition to the payment for it,’ we apprehend there can be no reasonable doubt. The plaintiffs below were, therefore, bound'lo aver and prove a performance thereof, or they could not recover. They did prove such performance generally, and the only failure on their part, relates to the manner in which the work was done in some parts thereof, which to the greater part no except tion could be taken. Nor can there be any doubt, as said by the court below, that the defendant could sustain bris action for these defects in the yorkman *612 ship. But although parties to a covenant máy ifj general have mutual remedies, yet it is competent j-ür one^ in a(jdition to the security afforded him by his action for a breach, to add the additional security, of retaining his performance, till he receives the performance of the other side, which forms a precedent condition, when the performance o.f one side constitutes the whole consideration of performance by the other, or both may reserve the consideration té be given by them, till one perceives that the'other'is ready, and then each perform simultaneously, in which case the covenants are mutually dependent, and each has the security pf. retaining till the other perforins, and neither has his action till he at least tenders a performance.'
In tlio construction of covenants the enquiry is for the intention.
Ryle iis tq conditions' precedent.
Whpre the bulk"ahouse in a plain, strong, work-hTnrf.r'2 a Condition18 & precedent to the covenant Irficefail-fare to exc-cute a small part of the work in the manner stipulated, when she whole had bi en performed, and the greater part according to the contract, de-' stroys forever the action on the covenant.
*612 The rules governing such cases are simple, and easily understood; but their application to the casesS presented for adjudication, is often difficult. It Can easily be seen that the whole matter will resolve itself into a question Of intention; Did the parties intend to furnish one dr both with the remedy of retaining, in addition to his remedy at law, for a breach? The manner, therefore, in which parties express themselves, obscures the intention frequently, and leave the difficulty; but the intention in this case is plain.
This is certain, as a general rule, that where one has the precedent condition in his favor, he is not liable to an action until the other has performed, and when'an action is brbught, the defendant has a right to require the other to prove the performance accordihg to the stipulation.
Here there is a general performance according to ihb stipulation, 'agreeably- to its general outlines; *n ^ie ‘dinner, or rather in the quality of the performance provecí,'as to part of the work, there is a failure. Is this such a-failuré as totally to pre-c^u^e recovery in this action? Will the failure to complete the work in a workman like manner, in a small part thereof, when the greater part is well done, destroy forever the right of action on the contract, and leave the other side to enjoy the labor already well done? T.o answer these questions in the aífirmty *613 tivé máy, at first blush, seem rigid and severe. But still, we apprehend, such an answer most be given, 'and the evils arising from its apparent rigor, will be partially compensated, by .the preservation of good faith in performing special .agreements, fetarkie in his treatise on evidence, vól. 2, page 97, lays down the following doctrine and supports the same by citations of adjudgéd cases. “Where the plaintiff under a special agreement, Has executed the work improperly, since he has not done that which he engaged to do, and which is the consideration of the plaintiff ’s promise to pay, it seems to be now settled, that the plaintiff must recover, if at all, upon the quantum meruit, and that hfe cannot recover more than the value of the work and materials to the* defendant. And where the plaintiff has executed his work so ill, that the defendant lias derived ho benefit from it, or none which exceeds in value the sum which he has paid, the plaintiff is not entitled to recover at all, even for the labor and materials."
Same rule in parol contracts.
In contracts for work in moveable articles, as furniture, pictures and the like, the acceptance of the article is a waiver of objections to the quality of the woflt-manship, and the price must be paid.
*613 This is the doctrine of the law in regard to special verbal agreements, and the action of assumpsit founded thereon, and surely in covenant the law cannot be less rigid.’ For if a .performance, not in the manner agreed, cannot be construed as fulfilling a verbal promise, it cannot be made to fulfil a writing and a contract of higher dignity, less flexible than a verbal promise. As there was evidence in this case conducing tp show that the plaintiffs had not performed in the manner stipulated by them, the court erred in refusing to give the first instruction asked by the defendant, fpr it certainly ought to have been given. ' ' ■
With régard to the second instruction asked, that is, that unless the jury Believed, from the.evidence, that the defendant accepted the building in discharge of the contract, the plaintiff could not recover; if it had been'simply overruled, we might possibly have found 'nothing in the act of the court, to disapprove. For there was no evidence conducing to show a non-acceptance when he was in the full enjoyment. But the court proceeded to give a po *614 sitive instruction, telling tlie jury that if the defendant had received the work at all, the plaintiff hada right to recover, subject to a deduction for the bad quality of the work, if he elected, or lie might resort to his action. This was allowing the jury to mould the action into a mere quantum meruit, instead of enforcing a special agreement.
Contracts for the building 0f houses aIKj tho like, ^,°be conmimme-" dintely part of the realty, buildings do*5 not nucossa* ril>' amount to thV qnality of tho worj£-
*614 We are unwilling to attach so much importance to the defendant’s receiving the work. How could he reject it without abandoning his estate on which it was situated? It was already part of his freehold, and he received every part as it progressed. The court seems to have confounded the case of a building on an employer’s premises, with such jobs of work and labor as a taylor performs in making, his garment, the cabinet maker in his furniture, or the painter his figures. In these latter cases it is admitted that much depends ofn the acceptance of the article made, and not objecting to it, and rescinding the contract so soon as the defect is discovered, and that for a very good reason; because it is necessary to do justice to the mechanic by repossessing him of the article, out of which to make bis money, instead of keeping both the article and the price. Hence Starkie, vol. 3, p. 17G9, says: “Notwithstanding the universality of the position, that performance when it is the consideration for the payment of the stipulated price, is a condition precedent, yet the conduct of the employer in adopting of the contract, when if he disputed the performance, he had it in his power to rescind it in tolo bv placing the parties in statu quo, affords, as against him, a conclusive presumption that the work has been properly executed, or at all events excludes the party acquiescing from making the objection, instances to this effect have already been cited. The principle extends to all cases of executory contracts, for works of art to be delivered in a complete state. The party receiving the work under a specific contract, must abide by it, or rescind it in toto.”
But it is well known that such return and such rescinding of a contract is impracticable with regard to a building erected on the employer’s own *615 premises. He could not object to the work and leave it on the hands of the workman, without con-veyiug away his estate; nor could the mechanic receive or sell it for his own indemnification. Hence the reception, tliat is leaving it on his premises not demolished, or even living in it, could not with any good reason, prechide the employer from making the objection on the trial, as the instruction given supposes. The same author which we Slave already quoted, says, vol. S, p. 1769, “when such complete return and rescinding of the contract is from the nature of the case impracticable, as where the con•tract is to build a wall, or a house on the premises of the employer, aiul the contract cannot be rescinded in toto, then, although the defendant has partially availed himself of the plaintiff’s labor and materials, supplied by him, and has not rescinded the contract jn toto, yet it seems to be now settled, that if the -work has been defectively performed, the plaintiff cannot recover, but on a quantum meruit for the labor and quantum valebat for the materials, to the amount of the benefit actually derived.”
In covenant ior thc Price building,nffa plaintiff fail to Proye the of tte^vork according to contract, codent Phe cannot recover tiie quantum ^ataction ‘ ac I0n'
In a contract to PPJ fop the house1,13 when completed, am?ns othor tainSva]uoof" merchandise, at a certain store, ii is not necessary for the undertaker to give notice of the completion of'the. house, nor to demand the goods. The employer mast take n -tice of the event, and shew himself ready, at the time and place, to deliver the goods.
*615 From this authority, as well as the reason of the case, which does not compel an employer to part-.with his land to get clear of a defective building, erected by a workman, it is clear that the acceptance of the work does not bind the employer to waive the precedent condition, and permit the undertaker to recover the precise sum. Nor can he be allowed to recover in this action a quantum meruit, after fail-jng to prove the precedent condition, as the court below informed the jury, in the second instruction moved by the defendant, and consequently no such jnstructions ought to have been given.
On the third point, to-wit: refusing to instruct the jury that a demand of the goods was necessary, before their value could be recovered, the court below did not err. Those goods as well as the specie, became due absolutely, on the day that the house was completed according to contract. Nor was it necessary that the undertakers should give the employers notice of that moment or make a request of the goods. The employer had the means of know *616 ing this and was bound to know it as well as the undertakers. For it is a settled rule that when a debt or duty becomes due on a particular event, if the person owing it, has the means of knowing and ascertaining it as well as the opposite party, he is bound to take notice of it, and no notice and request is necessary. As, therefore, the employer here was bound to know the day on which the goods fell due, it was only necessary for the plaintiffs to aver that the event had taken place, and not to aver a demand before they could recover. It lay upon the defendant, if the event had transpired, to discharge himself by showing a readiness on the day to pay the goods instead of complaining that the plaintiffs did not call upon him, for that which he probably had not ready to give them.
Brown, for appellant; Crittenden-, for appellees.
But for refusing the first instruction and giving the second, the judgment is erroneous and must be reversed with costs, and the verdict set aside, and the cause remanded for new proceedings not inconi sistent with this opinion.